IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAMELA JONES,

    Plaintiff,

  v.

NON PROFITS UNITED,

    Defendant.

No. 10-4252-EDL

**ORDER GRANTING MOTION TO DISMISS AND ALLOWING LEAVE TO AMEND § 1981 CLAIM**

**Introduction**

On September 20, 2010, Pro se Plaintiff Pamela Jones brought a complaint against her former employer, Non Profits United ("NPU"), and various individuals for racial harassment and wrongful termination stemming from her September 25, 2006 termination. On November 16, 2010, Plaintiff filed a second amended complaint ("SAC") in which she dismissed the individual defendants but continues to pursue claims for racial harassment and wrongful termination under 42 U.S.C. sections 1981, 1983, 1985 and 1986. NPU moved to dismiss the SAC on grounds that Plaintiff's claims are barred by the applicable statutes of limitations, she failed to exhaust administrative remedies, and the SAC fails to state a claim. For the following reasons, the motion to dismiss is GRANTED WITH LEAVE TO AMEND THE § 1981 CLAIM.

**Factual Background**

According to the SAC, Plaintiff is black and worked for NPU beginning on an unspecified date prior to September 2005. SAC ¶¶ 3, 11. Beginning in September 2005, a white individual named Diane began discriminating against and harassing Plaintiff. SAC ¶¶ 3-7. For example, she required Plaintiff to email her when she started and ended work, but did not require white co-workers to

follow this procedure. SAC ¶ 3. On the day that Diane resigned in March 2006, Plaintiff was promoted to the position of Controller by a black individual named Monica. SAC ¶ 8. Plaintiff complained to Monica that a white contract employee (Michael) was trying to take over her job. SAC ¶ 10.

From April through August 2006, a white subordinate of Plaintiff's (Alice) disregarded Plaintiff's authority and went to Michael for direction. SAC ¶ 11. Alice also refused to work effectively with a black co-worker. Id. During an interview for a full time position, Alice stated that she did not like black people. SAC ¶ 14. Plaintiff did not want to hire Alice but Monica insisted on it, and Plaintiff continued to complain that Alice was not doing her job. SAC ¶ 14, 16. On August 3, 2006, Monica witnessed Alice working late and Alice reported that Plaintiff did not like her and required her to work until her work was complete. SAC ¶ 17. The next day, Monica took away Plaintiff's responsibility of supervising the accounting department and gave the authority to Michael without allowing Plaintiff to respond. SAC ¶ 19. On August 15, Monica told Plaintiff that she was no longer the Controller based on Alice's false statements without warning or probation. SAC ¶ 24. Plaintiff was terminated on September 25, 2006. SAC ¶ 2. Prior to her termination, Plaintiff was satisfactorily performing her job. SAC ¶ 35.

Plaintiff believes that her demotion and termination by Monica were "motivated by, based upon, and a direct result of the lies of intentional discrimination, with malice, and defamation of character, as told by [her] subordinate employee, Alice." SAC ¶ 21; see also ¶ 23, 26 (Monica did not believe her or protect her from a subordinate's racial harassment). On August 30, 2006, an email was sent by Michael regarding a white individual as a "possible addition to the accounting staff." SAC ¶ 25. Following Plaintiff's termination, Monica apologized to Plaintiff for her termination and led Plaintiff to believe that she would be re-hired. SAC ¶¶ 28-32.

Plaintiff acknowledged during oral argument that she did not file a complaint with the EEOC or DFEH prior to filing this lawsuit.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to

2

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id.  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted), 1950.  That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

In general, "a *pro se* complaint will be liberally construed and will be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). However, "a liberal interpretation of a [pro se] complaint may not supply essential elements of the claim that were not initially pled." Id.

**Analysis**

Though the SC is not entirely clear, it appears that Plaintiff is making claims for "racial harassment" and "wrongful termination" under 42 U.S.C. sections 1981, 1983, 1985, and 1986 and Title VII.  Defendant initially moved to dismiss all claims on the basis of failure to exhaust administrative remedies, failure to file the complaint within the applicable statute of limitations period, and failure to state a claim but did not address the claims separately and focused almost exclusively on Title VII.  Plaintiff's opposition focused on the § 1981 claim and referenced Title

3

VII, and did not specifically address the viability of the other claims. To thoroughly address the merits of the SAC, the Court addresses each claim separately.

**A.     Section 1981 Claim**

Section 1981 prohibits discrimination in the "benefits, privileges, terms and conditions" of employment. 42 U.S.C. § 1981(b); Metoyer v. Chassman, 504 F.3d 919, 935 (9th Cir. 2007). In order to plead a claim under section 1981, a plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, etc.). Peterson v. State of California Dept. of Corrections and Rehabilitation, 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006) (citing Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir.1993)).

There is no dispute that Plaintiff is a member of a racial minority or that she was terminated from her employment. However, Plaintiff fails to state a claim for violation of § 1981 because there are no allegations regarding any intent to discriminate on the basis of race in the decisions to demote or terminate her, and there are no facts that would support such an allegation. Construing the complaint liberally, Plaintiff alleges that she was demoted and then terminated because of lies that a white subordinate with racial animus told about her. However, there are no allegations that the subordinate played a role in the decision to demote or terminate Plaintiff, and there are no factual allegations to support Plaintiff's opinion that the decision to demote or terminate her was due to her race. Without more, Plaintiff's allegations are insufficient to push her racial discrimination claim over the line from conceivable to plausible and dismissal of the claim is warranted.[1] However, because it is possible that Plaintiff could articulate a § 1981 claim if allowed to re-plead and she stated at the hearing that she believed that she could, leave to amend the § 1981 claim is GRANTED. Plaintiff shall file an amended complaint stating a § 1981 claim by March 15, 2011.

---

[1] There is no requirement that a plaintiff exhaust administrative remedies, such as filing a claim with the EEOC, prior to bringing a private action for damages under § 1981. See Surrell v. California Water Service Co., 518 F.3d 1097, 1103-1104 (9th Cir. 2008). Therefore, Plaintiff's failure to exhaust administrative remedies would not bar this claim if it was otherwise viable. Furthermore, the federal "catch-all" four-year statute of limitations applies to § 1981 racial discrimination claims and therefore the claim is not time-barred. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).

**B.     Section 1983 Claim**

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. See 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, there is no allegation that NPU was a state actor or acting under color of state law. The § 1983 claim fails as a matter of law on this basis and is dismissed without leave to amend.

Furthermore, the statute of limitations applicable to a § 1983 claim is the personal injury statute of limitations of the state in which the cause of action arose. See Wallace v. Kato, 549 U.S. 384, 387 (2007); DeGrassi v. City of Glendora, 207 F.3d 636, 644 (9th Cir. 2000). The California limitations period applicable in this case is two years. See Cal. Code Civ. P. 335.1. Therefore, the claim is also time-barred.

**C.     Section 1985 Claim**

To bring a claim for conspiracy to interfere with civil rights under § 1985(3), a plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Griffith v. Breckenridge, 403 U.S. 88, 102 (1971)).

Here, there is no allegation of a conspiracy to deprive Plaintiff of her constitutional rights or act in furtherance of this conspiracy, and no factual allegations that might support such a claim. Further, as discussed above, there are insufficient allegations that NPU was motivated by racial

5

animus in its decision to demote or terminate Plaintiff. Therefore, the claim fails as pled. Even if Plaintiff could amend her complaint to properly allege a conspiracy to violate her civil rights on the basis of her race, the claim would be barred by the applicable two-year statute of limitations. See McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) ("[W]e hold that suits under § 1985(3) are ... best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983."). Therefore, the § 1985 claim is dismissed without leave to amend.

### D. Section 1986 Claim

Pursuant to 42 U.S.C. § 1986, one who knows of an impending violation of 42 U.S.C. § 1985, but neglects or refuses to prevent the violation is subject to civil liability. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir.1990). Because Plaintiff has not pled a valid claim under § 1985, she has also failed to plead a § 1986 claim. Id. Further, the statute of limitations for § 1986 claims is one year, so Plaintiff's claim is time-barred and dismissed without leave to amend.

### E. Title VII Claim

Title VII prohibits employers from discriminating against an individual based on race. 42 U.S.C. § 2000e-2(a)(1). Title VII "requires the plaintiff to exhaust administrative remedies, such as filing a claim with the EEOC . . . , before seeking a private action for damages." Surrell v. California Water Service Co., 518 F.3d 1097, 1103 -1104 (9th Cir. 2008); see also 42 U.S.C. § 2000e-5(b). Here, Plaintiff's claim under Title VII fails as a matter of law because she did not exhaust her administrative remedies by filing a claim with the EEOC, the DFEH or any other entity. See Raad v. Fairbanks North Star Borough Sch. Dist., 323 F.3d 1185, 1192 n.5 (9th Cir. 2003) ("A plaintiff must file a charge within 180 days after the unlawful employment practice occurred if filing directly with the EEOC, or within 300 days if filing with a state agency possessing the authority to process and remedy such claims under state law."); 42 U.S.C. § 2000e-5(f)(1) (civil action may be brought within 90 days of right to sue letter).

//
//
//

6

**Conclusion**

Defendant's motion to dismiss the SAC is GRANTED. Plaintiff may file an amended complaint stating a claim under § 1981 only by no later than March 15, 2011.

Dated: February 22, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California